Robert F. Brennan, Esq. [S.B. #132449]
**LAW OFFICES OF ROBERT F. BRENNAN, A P.C.**
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329
Email: rbrennan@brennanlaw.com

Attorney for: Plaintiff Aida Souleiman

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIDA SOULEIMAN, an Individual;<br><br>    Plaintiff,<br><br>    vs.<br><br>TRANSUNION, LLC., is a business entity, form unknown; SHELLPOINT MORTGAGE SERVICING, a business entity, form unknown; and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No.:  2:14-CV-09685<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. FAIR CREDIT REPORTING ACT;<br>2. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT.<br><br>**JURY TRIAL DEMANDED.** |

Plaintiff alleges:

　　1. Plaintiff AIDA SOULEIMAN ("Plaintiff") is a resident of San Francisco County, State of California.

　　2.  Defendants TRANSUNION, LLC., ("TRANSUNION") is a business entity, form unknown, doing business in the State of California as a credit bureau which receives negative credit information about consumers and which then publish such information in credit reports available to its subscribers. SHELLPOINT MORTGAGE SERVICING ("SHELLPOINT") is a loan servicing

---
COMPLAINT FOR DAMAGES

and payment processing company, which among other activities, reports allegedly delinquent debts to credit bureaus and is a "furnisher" under the Fair Credit Reporting Act.

3. Defendants DOES 1-10 are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection.  DOES 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff has notified them of the false or inaccurate derogatory, and also who have reported such accounts as derogatory credit references to credit reporting agencies.

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of Section 474 of the California Code of Civil Procedure.  Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted willfully with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiffs.  Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiffs will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

5. Plaintiff is informed and believes, and thereon allege that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this complaint, and any future amended complaint.  Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil

Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

## FIRST CAUSE OF ACTION
## [VIOLATION OF THE FAIR CREDIT REPORTING ACT AGAINST ALL DEFENDANTS]

6. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

7. Plaintiff is a consumer as this term is defined by 15 U.S.C. Sec. 1681a(c) of the Fair Credit Reporting Act. All defendants are "furnishers" as defined by 15 U.S.C. 1681s-2 of the Fair Credit Reporting Act, except, TRANSUNION who is a "consumer reporting agency" as that term is defined in 15 U.S.C. Section 1681a (f).

8. On or about early March 2014, Plaintiff discovered that SHELLPOINT was reporting her late on account #535826xxx. This account was charged off in 2009 but is now reporting her late every month in 2014.

9. On or about February and June 2014, Plaintiff disputed that account #53582xxxx was appearing as a recent debt. She requested that Experian, Equifax and TRANSUNION perform an investigation and remove the recent lates. Only non-party Experian and Equifax then began reporting the account correctly.

10. On or about and October 26, 2014, Plaintiff called and spoke to a live person and sent correspondence to TRANSUNION requesting that TRANSUNION investigate and remove the damaging and misleading comments appearing on her credit report.

11. On or about November 2014, Transunion responded to Plaintiff's dispute indicating that their investigation results were completed. The updated report showed a Maximum Delinquency of 120 days in 12/2013 and in 11/2014

COMPLAINT FOR DAMAGES
4

for a total balance due of $96,849. This language is misleading as the account appears as a recent charge off. The account was charged off in 2009 without any more recent activity.

12. On information and belief, TRANSUNION sent dispute notices to SHELLPOINT, thereby activating SHELLPOINT's obligations to Plaintiff under the Fair Credit Reporting Act.

13. Plaintiff complied with all requests of each of the Defendants to provide information in order to have the erroneous marks removed from her credit reports. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

14. Within the past several years, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

a. By willfully and negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

b. By willfully and negligently failing to correct, after receiving ample notice, information about the Plaintiff which defendants knew, or should have known, was incomplete and/or inaccurate;

c. By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation;

d. By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

e. By willfully and negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof; and,

f. By willfully and negligently changing charge-off dates and delinquency dates so as to "re-age" the account, namely, to enable it to stay on plaintiff's credit report longer than is legally permissible.

15. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited law, Plaintiff is entitled to actual damages, pain and suffering, punitive damages, penalties, costs and attorney fees.

16. Plaintiff alleges that defendants, and each of them, have willfully violated FCRA with respect to Plaintiff and towards others similarly situated. Specifically, defendants deliberately have inefficient procedures for correcting their credit files, because they know that a certain number of consumers will either be intimidated or too frustrated to continuously fight back against the constant onslaught of collection activities for invalid debts. Defendants, and each of them, know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed. These defendants know that their systems intimidate consumers so they'll pay debts even if not valid or not completely valid. These facts were not disclosed to the Plaintiff and are not disclosed to the borrowing public at large.

## SECOND CAUSE OF ACTION
## [VIOLATION OF CALIFORNIA CONSUMER
## CREDIT REPORTING AGENCIES ACT
## AGAINST SHELLPOINT AND DOES 1-10, INCLUSIVE]

17. Plaintiff incorporates all preceding paragraphs as though set forth in full in this cause of action.

18. Within two years prior to the filing of the complaint in this action, defendants SHELLPOINT and DOES 1-10, Inclusive, both willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

a. By furnishing credit information to one or more credit reporting agency which SHELLPOINT and DOES 1-10, Inclusive, knew or should have known was inaccurate or incomplete.

19. Each of the Defendants SHELLPOIONT and DOES 1-10, Inclusive willfully and negligently failed in their obligations under the Consumer Credit Reporting Agencies Act.  Plaintiff alleges that each of the Defendants SHELLPOINT and DOES 1-10, Inclusive' policies and practices hinder and obstruct adequate and meaningful reinvestigations, and that each defendant knows of this effect of its policies and practices.

27. As a proximate result of the willful and negligent actions of the Defendants SHELLPOINT and DOES 1-10, Inclusive, and each of them, Plaintiff has suffered both general and special damages in an amount which will be proven at time of trial.  As provided under the cited laws, Plaintiff is entitled to actual damages, loss of wages, damage to credit reputation, pain and suffering, costs and attorney fees.  Plaintiff is also entitled to punitive damages and statutory penalties for willful violations of the California Consumer Credit Reporting Agencies Act.

WHEREFORE, Plaintiff prays for judgment as follows:
1. For general and special damages according to proof at trial;
2. For statutory penalties for each separate statutory violation where allowed by statute;
3. For punitive damages against defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

4. For attorney's fees where authorized by statute or law;
5. For costs of suit;
6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated: December 18, 2014  **LAW OFFICES OF ROBERT F. BRENNAN, P.C.**

By: /s/ *Robert F. Brennan*
Robert F. Brennan
Attorneys for Plaintiff